By the Court. —Sedgwick, J.
Under the decisions, which are not few, nor indeed, in all respects harmonious, the learned judge below recognized the right of plaintiff’s attorney to have the settlement between the parties themselves so far opened as not to allow a discontinuance without payment of costs and disbursements. Accordingly, payment of these was imposed as a condition of discontinuance. The appellant now claims that the court should have directed a reference to ascertain what counsel fee, in addition, should be paid.
I am of opinion that the court was not called upon to do this, unless the affidavit disclosed, as matter of fact, that something beyond taxable costs and disbursements was due. The agreement was that the attorney should not charge the plaintiff, personally, for services or disbursements, but that “he should be paid out of the amount collected, a fee contingent upon recovery.” Under such an agreement I do not think that the attorney could recover as for professional" services any greater amount than the value of his services. At any rate, the fact of the compensation being contingent, by itself, does not show that as a fact the attorney could recover a greater amount, bio professional expert shows that usually the rate of compensation is increased by such contingency. Plaintiff’s attorney does not testify to this, although he assumes it to be so. The court would not have been justified in holding, as matter of law, that the contingency gave the attorney a right to a greater amount than the value of his services.
Í am of opinion that the order should be affirmed, with $10 costs, and disbursements, if any, to be taxed by clerk. -
Speir, J., concurred.